UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDWARD C. MOONEY          :
                          :
v.                        :          C.A. No. 19-00666-JJM
                          :
(UNKNOWN) CRIME SYNDICATE :
NETWORK                   :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On December 26, 2019, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (Document Nos. 1 and 2). Plaintiff's Application (Document No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous" and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff describes his cause of action on the civil coversheet to his pro se Complaint as follows: defamation, slander, misrepresentation, corporate espionage for theft of intellectual property and international piracy of music." (ECF No. 1-1 at p. 1). He identifies both federal question and diversity of citizenship as the basis for subject matter jurisdiction in this Court. (ECF No. 1 at p. 4). However, he does not specifically identify any federal statutes, treaties or

constitutional provisions which have allegedly been violated. See 28 U.S.C. § 1331. As to diversity jurisdiction, he does not specifically identify any defendants and thus is unable to identify their citizenship. See 28 U.S.C. § 1332.

With respect to the named Defendants, Plaintiff is unclear and inconsistent. In his Complaint caption, he sues "(unknown) crime syndicate network." (ECF No. 1 at p. 1). He labels the Defendants later as "unknown organized crime syndicate(s)." Id. at p. 2. His Complaint also refers to youtube.com and facebook.com as Defendants. Id. at p. 8.

As to his claims, they are also unclear and fail to presently state any legal viable causes of action. He claims that his music was pirated on both an unidentified "Japanese website" and a "Russian website." Id. at p. 9. He does not specify who committed the piracy, when it occurred, or any other factual details supporting his claim. He also claims defamation but fails to identify the defamatory statements, and where or when they were published. He alleges that "through Facebook my image, biography and intellectual property has been broadcast to predatory parties" who have caused him harm and suffering. Id. at p. 5. He does not, however, allege how this "broadcast" has violated any of his legal rights, and he does not identify or make any claims against the "predatory parties" who allegedly injured him.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 8, 2020